E. JEFFREY GRUBE (SB # 167324)
jeffgrube@paulhastings.com
JEFFREY P. MICHALOWSKI (SB# 248073)
jeffmichalowski@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

**ED CV 09 - 02279 VAP (DTBx)**

| | |
|---|---|
| JULIO C. DIAZ, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC., <br><br> Defendant. | Case No. <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION** <br><br> [San Bernardino County Superior Court Case No. CIVVS907417] |

FILED 2009 DEC 16 PM 1:19
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY FAX

COPY

LEGAL_US_W # 63427585.1

CASE NO.                                         NOTICE OF REMOVAL OF CIVIL ACTION

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF JULIO DIAZ, AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant United Parcel Service, Inc. ("UPS") hereby removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a), 119 Stat. 9), and 1441(a) and (b).

1. On or about November 10, 2009, plaintiff Julio C. Diaz ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of San Bernardino entitled: *"Julio C. Diaz, on behalf of himself and all others similarly situated, Plaintiff v. United Parcel Service, Inc., Defendant,"* designated as Case No. CIVVS907417 (the "Action"). True copies of the complaint Plaintiff filed in the Action (the "Complaint"), the summons issued on the Complaint, and other papers served on UPS in the Superior Court are attached as Exhibit 1 to the Declaration of Jeffrey P. Michalowski ("Michalowski Decl."), filed with these removal papers. The allegations of the Complaint are incorporated into this notice by reference without necessarily admitting the truth of any of them.

2. On November 16, 2009, UPS was served with process in the Action. Michalowski Decl. ¶ 2.

3. On December 15, 2009, UPS filed its Answer to the Complaint in the Superior Court for the County of San Bernardino. Michalowski Decl. ¶ 3, Exh. 2.

LEGAL_US_W # 63427585.1

CASE NO.            NOTICE OF REMOVAL OF CIVIL ACTION

4.  This Notice of Removal is being filed within thirty (30) days after service upon UPS of a copy of the initial pleading setting forth the claim for relief upon which this Action is based, and is timely filed pursuant to 28 U.S.C. section 1446(b).

5.  In accordance with 28 U.S.C. section 1446(d), UPS will, promptly after filing the Notice of Removal, give written notice of the removal to the adverse parties and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of the State of California for the County of San Bernardino. Copies of these Notices are attached as Exhibits 3 and 4, respectively, to the Michalowski Declaration. Proof of service of the Notice to Superior Court of Removal to Federal Court and of the Notice to Adverse Parties of Removal to Federal Court will be filed with this Court immediately after the Superior Court filing is accomplished. Michalowski Decl. ¶ 4.

6.  Venue of this Action is properly laid in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

7.  This Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. section 1332, and may be removed to this Court pursuant to 28 U.S.C. sections 1441(a) and (b) under the rules for diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a), 119 Stat. 9.

8.  The Class Action Fairness Act of 2005 amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) the proposed class members number at least 100; (b) the amount in controversy

exceeds $5,000,000, exclusive of interest and costs; and (c) any member of a class of plaintiffs is a citizen of a state different from any defendant.

      (a)    The number of proposed class members in this case exceeds 100. UPS has calculated that since November 10, 2005, 17,921 individuals have held positions that fall within Plaintiff's proposed class definition. *See* Complaint, ¶ 9; Declaration of Tamara Caldwell ("Caldwell Decl.") ¶ 5.

      (b)    UPS is informed and believes (in part based on the fact that he was employed by UPS in the State of California, and in part based upon Plaintiff's admission that he is a resident of Adelanto, California) that at the time this Action was commenced, Plaintiff was a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). *See* Complaint, ¶¶ 4-6.

      (c)    UPS is now, and was at the time this action was commenced, a citizen of the States of Ohio and Georgia within the meaning of 28 U.S.C. section 1332(c)(1), because it is now and was at all material times incorporated under the laws of the State of Ohio, and maintains, and at all material times maintained, its principal place of business in the State of Georgia. Caldwell Decl, ¶ 2.

      9.    UPS is informed and believes, and on that basis alleges without admitting, that the amount in controversy in this Action exceeds $5,000,000, exclusive of interest and costs, on the following grounds:

      (a)    In the Complaint, Plaintiff alleges, among other things, that UPS failed to provide meal periods under California Labor Code sections 512 and 226.7 to the putative class members. *See* Complaint, ¶¶ 13-17. Based on these

alleged violations, Plaintiff seeks to recover an additional hour of pay for each alleged missed meal period, interest thereon, and attorney's fees and costs. *Id.* at 19; Prayer for Relief, ¶ C-G.

(b)     Plaintiff defines his proposed class to consist of individuals working for UPS in specified positions "at any time since the date four years preceding the filing of the complaint in this action." Complaint, ¶ 9. Plaintiff's complaint, therefore, purports to encompass a limitations period that begins November 10, 2005.[1]

(c)     UPS has calculated that since November 10, 2005 (a period that traces the four-year limitations period assumed by Plaintiff) it has employed 17,921 individuals in part-time loader/unloader, sorter, and part-time supervisor positions in sort operations other than the hub operations that were covered by the *Tejeda* lawsuit, and thus potentially fall within Plaintiff's proposed class definition. Caldwell Decl. ¶ 5. UPS is in the process of investigating which of those individuals worked shifts greater than six hours but cannot have that information prior to removal due to the size of the proposed class, complications of identifying appropriate data, the size of potential data bases, and the resources and time needed to gather information and perform a reliable analysis. *Id.*, at ¶ 6.

(d)     The minimum hourly wage paid to any of these employees who potentially fall within Plaintiff's proposed class definition was $8.50 per hour. *Id.* In most cases, their hourly wage was higher. *Id.*, at ¶ 7. At a minimum, the class-wide average rate of pay exceeds $10.00 per hour.

---

[1]     UPS does not agree that the limitations period in this action is four years. *See Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1114 (Cal. 2007) (limitations period on meal period premium claims is three years).

(e)    Plaintiff contends that UPS does not provide class members *any* meal periods to which they are entitled after working shifts of greater than six hours. *See* Complaint, ¶ 1 ("*Due to the nature of Sort Operations*, Defendant cannot provide employees who work in Sort Operations a 30 minute meal period during which they are relieved from all duty.").

(f)    With potentially 17,921 members of plaintiff's broadly defined class, a one hour meal period premium to each would result in not less than $179,921. Plaintiff does not specify the number of meal period violations being alleged, but the $5,000,000 threshold would be established if plaintiff were to prove 28 meal period violations per potential class member over the four-year alleged class period.

(g)    In setting forth these calculations, UPS does not admit that it failed to provide meal periods to members of the proposed class; and in fact UPS denies that it is liable to Plaintiff or his proposed class in any amount.

10.    Therefore the amount in controversy required to establish compliance with the Class Action Fairness Act of 2005 is satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction.

///

///

///

///

LEGAL_US_W # 63427585.1                     -5-

CASE NO.                                                    NOTICE OF REMOVAL OF CIVIL ACTION

WHEREFORE, UPS removes the above-entitled action now pending in the Superior Court of the State of California for the County of San Bernardino to this Court.

DATED: December 16, 2009     PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
JEFFREY P. MICHALOWSKI

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

**EDCV09- 2279 VAP (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JULIO C. DIAZ, individually and on behalf of others similarly situated

**DEFENDANTS**
UNITED PARCEL SERVICE, INC.

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
San Bernardino

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Georgia and Ohio

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gregory N. Karasik (SBN 115834)
SPIRO MOSS LLP
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064 / Telephone: 310-235-2468
[See Attachment for Additional Counsel]

**Attorneys** (If Known)
E. Jeffrey Grube (SBN 167324)
Jeffrey P. Michalowski (SBN 248073)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor, San Francisco, CA 94105
Telephone: 415-856-7000/Facsimile: (415) 856-7100

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal based on diversity, 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a), 119 Stat. 9) and 1441(a) and (b).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI(405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____ 09-02279 VAP (DTBx)

Doc 63433055 CV-71 (07/05)   CIVIL COVER SHEET   American LegalNet, Inc.   Page 1 of 2
www.USCourtForms.com

© COPY ED CV 09
DEC 16 2009

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No  ☒ Yes

If yes, list case number(s): CV08-01590DDP(MANx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
JULIO C. DIAZ, SAN BERNARDINO COUNTY

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
United Parcel Service, Inc. - Georgia and Ohio

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
This is a putative class action. Plaintiffs allege that claims arose throughout the state.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/_  Date December 16, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

*Julio C. Diaz, individually and on behalf of others similarly situated, Plaintiff, v. United Parcel Service, Inc., Defendant*

1(c): *Additional Plaintiff's Counsel:*

> Shaun Setareh
> Law Offices of Shaun Setareh
> 9454 Wilshire Boulevard, Penthouse Suite #3
> Beverly Hills, CA 90212
> Telephone: (310) 888-7771/Fax (310) 888-0109