1   E. JEFFREY GRUBE (SB # 167324)
   jeffgrube@paulhastings.com
2   JEFFREY P. MICHALOWSKI (SB# 248073)
   jeffmichalowski@paulhastings.com
3   PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
4   Twenty-Fourth Floor
   San Francisco, CA 94105-3441
5   Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
6

7   Attorneys for Defendant
   UNITED PARCEL SERVICE, INC.

8            UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10              EASTERN DIVISION

11     **ED CV 09 - 02279 VAP** (DTBx)

| | |
|---|---|
| 12   JULIO C. DIAZ, individually and on behalf of others similarly situated, | CASE NO. |
| 13 | **DECLARATION OF JEFFREY P.** |
|         Plaintiff, | **MICHALOWSKI IN SUPPORT OF** |
| 14 | **REMOVAL OF CIVIL ACTION** |
|    vs. | |
| 15 | |
| UNITED PARCEL SERVICE, INC., | [San Bernardino County Superior Court |
| 16 | Case No. CIVVS907417] |
|         Defendant. | |
| 17 | |

18

19                BY FAX

20

21

22

23

24

25

26

27

28

COPY

FILED

2009 DEC 16 PM 1:17

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY ___

I, Jeffrey P. Michalowski, declare and state as follows:

1.      I am an attorney licensed by the Bar of the State of California, and I am admitted to practice before this Court. I am an associate with the law firm of Paul, Hastings, Janofsky & Walker, counsel of record for Defendant United Parcel Service, Inc. ("UPS"), and I am one of the attorneys responsible for the defense of this action. I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2.      Plaintiff Julio C. Diaz, individually and on behalf of others similarly situated ("Plaintiff") served UPS, through its agent for service, via personal service, their Complaint ("Complaint") on or about November 16, 2009 in the Superior Court of the State of California in and for the County of San Bernardino entitled: *Julio C. Diaz, individually and on behalf of others similarly situated, Plaintiff v. United Parcel Service, Inc., Defendant*," designated as Case No. CIVVS907417. A true and correct copy of all process, pleadings, and orders served on UPS in the Superior Court are attached hereto as Exhibit 1.

3.      On December 15, 2009, prior to filing their Removal, UPS filed its Answer in the Superior Court of California in and for the County of San Bernardino. A true and correct copy of the Answer is attached hereto as Exhibit 2.

4.      Notice of this removal is being given both to the adverse parties and to the State Court pursuant to 28 U.S.C. section 1446(d). A true and correct copy of UPS's Notice to Adverse Parties of Removal and UPS's Notice to Superior Court of Removal to the United States District Court of the Central District of California, are attached hereto as Exhibits 3 and 4, respectively. Proof of service of

1   the Notice to Adverse Party of Removal and the Notice to Superior Court of

2   Removal to Federal Court will be filed with this Court shortly after the Superior

3   Court filing and service upon the adverse parties are accomplished.

4

5         I declare under penalty of perjury under the laws of the State of

6   California and the United States of America that the foregoing is true and correct.

7

8         Executed on December 16, 2009 at San Francisco, California.

9

10

11               JEFFREY P. MICHALOWSKI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO.                                                                MICHALOWSKI DECLARATION ISO REMOVAL

# EXHIBIT 1

1  Gregory N. Karasik - State Bar No. 115834
   SPIRO MOSS LLP
2  11377 W. Olympic Blvd., Fifth Floor
   Los Angeles, California 90064-1683
3  Tel: (310) 235-2468
   Fax (310) 235-2456                **FILED BY FAX**
4  email: greg@spiromoss.com           **CRC 2005**

5  Shaun Setareh SBN 204514
   LAW OFFICES OF SHAUN SETAREH
6  9454 Wilshire Boulevard, Penthouse Suite, # 3
   Beverly Hills, California 90212
7  Tel: (310) 888-7771
   Fax: (310) 888-0109
8  e-mail: setarehlaw@sbcglobal.net

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICT~~ ~~ DISTRICT

NOV 10 2009

BY _____
LISA BURNAM, DEPUTY

9

10 Attorneys for Plaintiff
   JULIO C. DIAZ

11        SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              COUNTY OF SAN BERNARDINO

13                  VICTORVILLE DISTRICT

14

15 JULIO C. DIAZ, individually and on behalf of   )  **CLASS ACTION**
   others similarly situated,                      )
16                                                  )  Case No.  **CIVVS 907 417**
                         Plaintiff,                 )
17                                                  )  **COMPLAINT FOR DAMAGES AND**
      vs.                                           )  **RESTITUTION**
18 UNITED PARCEL SERVICE, INC.,                     )
                                                    )  1.    Failure to Provide Meal Periods
19                       Defendant.                 )
                                                    )  2.    Unfair Competition
20                                                  )
   _____        )  **DEMAND FOR JURY TRIAL**

21        Plaintiff JULIO C. DIAZ ("Plaintiff"), on behalf of himself and all others similarly

22 situated, complains and alleges as follows:

23                         **INTRODUCTION**

24        1.    This case arises out of the failure of defendant United Parcel Service, Inc. ("Defendant")

25 to provide meal periods to part time employees involved in unloading packages onto belts, sorting

26 packages on belts or sorting packages for placement on belts, loading packages from belts, or directly

27 supervising employees who load, sort, or unload packages ("Sort Operations") who, despite being

28 scheduled to work less than six hours a day, actually work more than six hours a day. Due to the nature

COMPLAINT FOR DAMAGES AND RESTITUTION
-1-.

Michalowski Decl 0003

1  of Sort Operations, Defendant cannot provide employees who work in Sort Operations a 30 minute

2  meal period during which they are relieved from all duty.  For this reason, Defendant schedules Sort

3  Operations employees to work less than six hours so that Defendant need not provide them with a meal

4  period.  When Sort Operations employees do work more than six hours, Defendant's failure to provide

5  them with meal periods constitutes a violation of Labor Code Section 512 and Wage Order 9-2001

6  which entitles them to additional pay under Labor Code Section 226.7 and restitution of unpaid wages

7  under Business and Professions Code Section 17203.

8       2.    Plaintiff is a member of and seeks to be the class representative for the Sort Operations

9  Class defined below in paragraph 9.  As used herein, the general term "Class" includes Plaintiff and all

10  members of the Sort Operations Class.

11       3.    Plaintiff seeks additional pay under Labor Code Section 226.7 and restitution under

12  Business and Professions Code Section 17203 to which Plaintiff and members of the Class are entitled.

13  <p align="center">**JURISDICTION AND VENUE**</p>

14       4.    Venue is proper in this Judicial district and the County of San Bernardino because work

15  was performed by Plaintiff and other members of the Class for Defendant in the County of San

16  Bernardino and Defendant's obligations to provide Class members with meal periods and additional

17  pay for missed meal periods in accordance with California law arose and were breached in the County

18  of San Bernardino.

19       5.    The California Superior Court has jurisdiction in this matter because Plaintiff is a

20  resident of California, and Defendant is qualified to do business in California and regularly conducts

21  business in California.  Further, there is no federal question at issue as the claims herein are based

22  solely on California law.

23  **THE PARTIES**

24      A.    **Plaintiff**

25       6.    Plaintiff is a resident of Adelanto, California.  Since approximately August 2008,

26  Plaintiff has regularly worked for Defendant five days a week as a part time loader in Ontario,

27  California with a job code other than H345.  Although Plaintiff has been regularly scheduled to work

28  less than 6 hours a day, Plaintiff has worked more than 6 hours a day on many occasions.  On the

Michalowski Decl 0004

1   occasions when Plaintiff worked more than six hours in a day, Defendant did not provide Plaintiff with

2   a 30 minute meal period during which Plaintiff was relieved from all duty.  On the occasions when

3   Plaintiff worked more than six hours in a day and was not provided a duty free meal period, Defendant

4   did not pay Plaintiff an additional hour of pay for the missed meal period.

5        7.    The members of the Class are identifiable, similarly situated persons who were

6   employed by Defendant in Sort Operations and not provided  meal periods when they worked more than

7   six hours in a day and not paid additional wages for missed meal periods.

8       **B.**    **Defendant**

9       8.    Defendant is a corporation, organized and incorporated under the laws of the state of

10  Ohio which maintains its principal place of business in the state of Georgia.  At all times relevant to this

11  action, Defendant conducted business operations and employed Plaintiff and other class members in the

12  state of California.

13                    **CLASS ACTION ALLEGATIONS**

14      9.    Plaintiff bring this action on behalf of himself and on behalf of all other similarly

15  situated persons as a class action pursuant to Code of Civil Procedure Section 382.  The members of

16  the Class belong to the Sort Operations Class which is defined as follows:

17      **Sort Operations Class**: All part-time employees employed by Defendant in California

18  directly involved in unloading packages onto belts, sorting packages on belts or sorting packages for placement on belts, loading packages from belts, or directly supervising employees who load, sort, or unload packages, who ever worked more than six hours a

19  shift at any time since the date four years preceding the filing of the complaint in this action, excluding persons with Job Codes H345, H325, H330, H335, H337, H340, 8171,

20  8172, H240 and 8180 whose claims are barred by the settlement in *Tejeda v. United Parcel Service, Inc.*, United States District Court, Central District of California, Case

21  No. CV 08-01490.

22      10.    This action has been brought and may be maintained as a class action pursuant to Code

23  of Civil Procedure Section 382 because there is a well-defined community of interest among many

24  persons who comprise a readily ascertainable class.

25      a.    The Class members are so numerous that the individual joinder of all of them as

26  named plaintiffs is impractical.  While the exact number of Class members is

27  unknown to Plaintiff at this time, Plaintiff is informed and believe and thereon

28  alleges that there are not less than 75 members each in the Class.

Michalowski Decl 0005

b.   Common questions of law and fact exist as to members of the Class and predominate over any questions which affect only individual members of the Class. These common questions include, but are not limited to:

(1)   Did Defendant have a policy or practice of not providing members of the Class with meal periods when they worked more than six hours a day?

(2)   Did Defendant violate Labor Code Section 512 or Wage Order 9-2001 by failing to provide members of the Class with meal periods?

(3)   Is Defendant liable to members of the Class for additional wages under Labor Code Section 226.7?

(4)   Did Defendant violate the Unfair Competition Law, Business and Professions Code Section 17200, *et seq.*, by its unlawful practices as alleged herein?

(5)   Is Defendant liable to members of the Class for restitution of unpaid wages owed for missed meal periods?

(6)   Are Class members entitled to attorney's fees?

c.   Plaintiff is a member of the Class and his claims are typical of the claims of the other Class members who he seeks to represent. Plaintiff has been subjected to the same unlawful practices as other employees of Defendant. Plaintiff and the other members of the Class suffered the same injuries and seek the same relief.

d.   Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who have substantial class action experience in civil litigation and employment law.

e.   A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that

Michalowski Decl 0006

1    numerous individual actions would require. The monetary amounts due to many

2    individual Class members are likely to be relatively small, and the burden and

3    expense of litigation would make it difficult or impossible for Class members to

4    seek and obtain relief through individual lawsuits. A class action will serve an

5    important public interest by providing Class members an effective mechanism

6    for pursuit of the sums owed to them.

7    11.   Plaintiff is presently unaware of any difficulties that are likely to be encountered in the

8  management of this action that would preclude its maintenance as a class action, but reserves the right

9  to modify his allegations and/or class definitions based on further investigation, discovery or legal

10  developments.

11  <center>**FIRST CAUSE OF ACTION**</center>

12  <center>**FAILURE TO PROVIDE MEAL PERIODS**</center>

13  <center>**(By Plaintiff and the Sort Operations Class against Defendants)**</center>

14    12.   Plaintiffs incorporate paragraphs 1 through 11 of this complaint as if fully alleged herein.

15    13.   At all relevant times, Plaintiff and the other members of the Sort Operations Class were

16  employees of Defendant covered by Labor Code Sections 512 and 226.7 and Wage Order 9-2001.

17    14.   Pursuant to Labor Code Sections 512 and 226.7 and Wage Order 9-2001, Plaintiff and

18  other members of the Sort Operations Class were entitled to a duty free meal period of at least 30

19  minutes for each workday they worked more than six hours.

20    15.   Defendant failed to provide Plaintiff and other members of the Sort Operations Class

21  duty free meal periods in accordance with Labor Code Sections 512 and 226.7 and Wage Order 9-2001.

22  Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations

23  period applicable to this cause of action, Defendant maintained a policy or practice of not providing

24  members of the Sort Operations Class with a meal period when they worked more than six hours.

25    16.   Pursuant to Labor Code Section 226.7 and Wage Order 9-2001, Plaintiff and other

26  members of the Sort Operations Class were entitled to an additional hour of pay for every day

27  Defendant did not provide a meal period.

28    17.   Defendant failed to pay Plaintiff and other members of the Sort Operations Class the

Michalowski Decl 0007

1  additional hour of pay required by Labor Code Section 226.7 and Wage Order 9-2001. Plaintiff is

2  informed and believes and thereon alleges that at all relevant times within the applicable limitations

3  period, Defendant maintained a policy or practice of not paying additional pay for missed meal periods.

4      18.   As a result of Defendant's unlawful conduct, Plaintiff and other members of the Sort

5  Operations Class have suffered damages in an amount, subject to proof, to the extent they were not paid

6  additional pay owed for missed meal periods.

7      19.   Pursuant to Labor Code Sections 218, 218.5, and 218.6, Plaintiff and other members of

8  the Sort Operations Class are entitled to recover the full amount of their unpaid additional pay, interest

9  thereon, reasonable attorney's fees and costs.

10                          **SECOND CAUSE OF ACTION**

11                              **UNFAIR COMPETITION**

12          **(By Plaintiff and the Sort Operations Class against Defendants)**

13     20.   Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged herein.

14     21.   The unlawful conduct of Defendant alleged herein constitutes unfair competition within

15  the meaning of Business and Professions Code Section 17200. By failing to provide meal periods and

16  failing to pay additional wages for missed meal periods in violation of the Labor Code, Defendant has

17  gained a competitive advantage over other comparable companies doing business in the State of

18  California that comply with their legal obligations under the Labor Code.

19     22.   As a result of Defendant's unfair competition as alleged herein, Plaintiff and other

20  members of the Sort Operations Class have suffered injury in fact and lost money or property. Plaintiff

21  and members of the Sort Operations Class were deprived of their right to take meal periods and were

22  not paid additional wages owed for missed meal periods.

23     23.   Pursuant to Business and Professions Code Section 17203, Plaintiff and other members

24  of the Sort Operations Class are entitled to restitution of all monies rightfully belonging to them that

25  Defendant did not pay them but retained for itself by means of its unlawful business practices. Plaintiff

26  and other members of the Sort Operations Class had an ownership interest in all the monies owed to

27  them under the Labor Code.

28     24.   Plaintiff and other members of the Sort Operations Class are entitled to recover

Michalowski Decl 0008

1   reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil

2   Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

3                                   **PRAYER FOR RELIEF**

4       WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for

5   judgment against Defendants as follows:

6       A.   An order certifying this case as a class action;

7       B.   An order appointing Plaintiff and his counsel to represent the Class;

8       C.   Damages for unpaid wages under Labor Code Section 226.7;

9       D.   Restitution of all monies owed but unlawfully withheld and retained by Defendant under

10          Business & Professions Code Section 17203;

11      E.   Prejudgment interest at the maximum legal rate;

12      F.   Reasonable attorney's fees;

13      G.   Costs of suit; and

14      H.   Such other relief as the Court may deem just and proper.

15  Dated: November 10, 2009                SPIRO MOSS LLP

16

17                              By: _____
                                    Gregory N. Karasik
18                                  Attorneys for Plaintiff

19

20                              **DEMAND FOR JURY TRIAL**

21      Plaintiff demands a trial by jury for herself and the Class on all claims so triable.

22  Dated: November 10, 2009                SPIRO MOSS LLP

23

24                              By: _____
                                    Gregory N. Karasik
25                                  Attorneys for Plaintiff

26

27

28

COMPLAINT FOR DAMAGES AND RESTITUTION

-7-

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED PARCEL SERVICE, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JULIO C. DIAZ, individually and on behalf of others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

NOV 1 0 2009

BY _____ LISA BURNAM, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del caso):* **VVS907417** |

SAN BERNARDINO COUNTY SUPERIOR COURT - VICTORVILLE
14455 Civic Center Drive, Victorville, California 92392

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory N. Karasik of Spiro Moss LLP, 11377 W. Olympic Blvd., 5th Fl., Los Angeles, CA 90064

| DATE: *(Fecha)* | 11-10-09 | Clerk, by *(Secretario)* | L. BURNAM | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* United Parcel Service, Inc
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov


## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Michalowski Decl 0012

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JULIO C. DIAZ

Case No. _____

vs.

**FILED BY FAX**
**CRC 2005**

CERTIFICATE OF ASSIGNMENT

UNITED PARCEL SERVICE, INC.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the **VICTORVILLE** District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] 1 | Adoption | Petitioner resides within the district. |
| [ ] 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3 | Contract | Performance in the district is expressly provided for. |
| [ ] 4 | Equity | The cause of action arose within the district. |
| [ ] 5 | Eminent Domain | The property is located within the district. |
| [ ] 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9 | Mandate | The defendant functions wholly within the district. |
| [ ] 10 | Name Change | The petitioner resides within the district. |
| [ ] 11 | Personal Injury | The injury occurred within the district. |
| [ ] 12 | Personal Property | The property is located within the district. |
| [ ] 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] 15 | Review | The defendant functions wholly within the district. |
| [ ] 16 | Title to Real Property | The property is located within the district. |
| [ ] 17 | Transferred Action | The lower court is located within the district. |
| [ ] 18 | Unlawful Detainer | The property is located within the district. |
| [ ] 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] 20 | Other Wage and Hour | Plaintiff resides within the district. |
| [ ] 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Julio C. Diaz - Plaintiff                    18240 Delicious Street, Apt. 2
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                    ADDRESS

Adelanto                    California                    92301
(CITY)                    (STATE)                    (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

November 10, 2009                    at   Los Angeles                    , California

_____
Signature of Attorney/Party

13-18503-350 Rev. 10/94                    SB-10503

Michalowski Decl 0013

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

VICTORVILLE DISTRICT
14455 CIVIC DRIVE ·
VICTORVILLE, CA  92392

CASE NO: CIVVS907417

http://www.sbcounty.gov/courts

IN RE: DIAZ VS UPS

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO JUDGE STEVE C MALONE IN DEPARTMENT V10 FOR ALL PURPOSES. ·

The Order to Show Cause regarding service of summons is set:
02/22/10 at  8:30 in Department V10. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 04/20/10 at  8:30
in Department V10.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
Tressa S. Kentner, Clerk of the Court
By: LISA BURNAM

Date: 11/10/09
------------------------------------------------------------------------
CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, ·or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 11/10/09
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 11/10/09 at Victorville, CA  By: LISA BURNAM

Michalowski Decl 0014

# EXHIBIT 2

1   E. JEFFREY GRUBE (SB # 167324) jeffgrube@paulhastings.com
    JEFFREY P. MICHALOWSKI (SB# 248073) jeffmichalowski@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
3   Twenty-Fourth Floor
    San Francisco, CA  94105-3441
4   Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
5
    Attorneys for Defendant
6   UNITED PARCEL SERVICE, INC.

7

8                SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

9                               VICTORVILLE DISTRICT

10

11  JULIO C. DIAZ, individually and on behalf of        CASE NO. CIV-VS-907417
    others similarly situated,
12                                                       [Assigned for all purposes to
                   Plaintiff,                            Judge Steve C. Malone—Dept. V10]
13
           vs.
14                                                       ANSWER TO COMPLAINT
    UNITED PARCEL SERVICE, INC.,
15
                   Defendant.
16

17

18         Defendant UNITED PARCEL SERVICE, INC. ("Defendant"), for itself alone and

19  no other defendant, hereby answers the unverified Complaint ("Complaint") of Plaintiff JULIO

20  DIAZ ("Plaintiff") as follows:

21

22         1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

23  Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

24         2.      Defendant further denies, generally and specifically, that Plaintiff is

25  entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all,

26  by reason of any act or omission on the part of Defendant, or any of its past or present agents,

27  representatives, or employees.

28

LEGAL_US_W # 63432952.1

                              ANSWER TO COMPLAINT

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

DEC 1 5 2009

BY _____
    JESSICA HAZEL, DEPUTY

1    Without admitting any facts alleged by Plaintiff, Defendant also pleads the

2 following separate and affirmative defenses to the Complaint:

3

4

5                           AFFIRMATIVE DEFENSES

6                FIRST SEPARATE AND AFFIRMATIVE DEFENSE

7

8         3.      The Complaint, and each of its causes of action, fails to state facts

9 sufficient to constitute a cause of action.

10

11             SECOND SEPARATE AND AFFIRMATIVE DEFENSE

12

13        4.      The Complaint, and each of its causes of action, is barred in whole or in

14 part by all applicable statutes of limitation, including but not limited to Cal. Civ. P. Code §§ 337,

15 338(a), Cal. Bus. & Prof. Code § 17208, and Cal. Lab. Code §§ 203 and/or 226.

16

17              THIRD SEPARATE AND AFFIRMATIVE DEFENSE

18

19        5.      The Complaint, and each of its causes of action, is barred to the extent

20 Plaintiff, or any purported class members, released claims individually or in conjunction with

21 class action and/or other settlements and judgments.

22

23

24             FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

25

26        6.      The Complaint and each cause of action alleged therein is barred to the

27 extent that Plaintiff and/or any class member he purports to represent waived the right, if any, to

28 pursue the Complaint.

LEGAL_US_W # 63432952.1                    -2-

ANSWER TO COMPLAINT

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

7.   Plaintiff's second cause of action under California Business and Professions Code section 17200 *et seq.* is barred because California Business and Professions Code section 17200 *et seq.*, as stated and as sought to be applied, violates Defendant's rights under the United States Constitution and the California Constitution in that, among other things, it is void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

8.   Plaintiff's second cause of action under California Business and Professions Code section 17200 *et seq.* violates Defendant's rights to due process under the United States Constitution and the California Constitution to the extent that the cause of action does not afford defendant the protections against multiple suits and duplicative liability ordinarily provided by class actions.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

9.   The Complaint, and each cause of action therein, is preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

10.   The Complaint, and each cause of action therein, is barred by the statute of limitations applicable to claims arising under section 301 of the Labor Management Relations Act, 29 U.S.C. § 160(b).

LEGAL_US_W # 63432952.1                                   -3-

ANSWER TO COMPLAINT

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

11.     The sole and exclusive remedy for the allegations made in the Complaint is the CBA's grievance and arbitration procedures.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

12.     Plaintiff's Complaint, and each cause of action therein, is barred because Plaintiff failed to exhaust the CBA's grievance and arbitration procedures.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

13.     The Complaint, and each cause of action contained therein, is barred by the doctrine of res judicata to the extent any member of the purported class pursued and resolved to final judgment, individually or as a member of a class or collective action, any action that did or could have included the claims herein.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

14.     Plaintiff's cause of action for meal period violations is barred to the extent that Plaintiff, and the group of persons he purports to represent, waived their meal periods.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15.     Plaintiff has failed to satisfy the prerequisites for class certification and therefore cannot represent the interests of others.

Michalowski Decl 0018

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.    The Complaint is not proper for treatment as a class or collective action; Plaintiff therefore lacks standing to represent the individuals they purport to represent.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.    Plaintiff's request for class certification should be denied because class certification would be inappropriate due to conflicts of interest between Plaintiffs and proposed class members.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18.    Plaintiff's request for class certification should be denied because liability and/or damages, if any, to each member of the proposed class may not be determined by a single factfinder or on a group-wide basis, and therefore allowing this action to proceed as a class or collective action would violate Defendant's rights to due process and trial by jury.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19.    In the event that a class should be certified in this matter, Defendant incorporates by reference and realleges all of its defenses to Plaintiff's individual causes of action in response to Plaintiff's causes of action on behalf of the class and each class member.

Michalowski Decl 0019

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20.     The Complaint and each of its causes of action are barred in whole or in part to the extent that Defendant has paid Plaintiff and/or putative class members all or some of the money they claim is due.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

21.     The Complaint, and each cause of action contained therein, is barred to the extent any member of the purported class entered into an accord of any cause of action asserted in this lawsuit, which accord has been satisfied.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

22.     Defendant is entitled to an offset against any relief claimed by Plaintiff and/or the class he purports to represent for wages Defendant has paid for time not worked or that otherwise is not required under state and/or federal law.

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

23.     Plaintiff has failed to mitigate or make reasonable efforts to mitigate his alleged damages, and Plaintiff's recovery of damages, if any, must be barred or reduced accordingly.

Michalowski Decl 0020

1

<u>TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE</u>

2

3          24.      Neither Plaintiff nor the class he purports to represent may recover

4   damages in this action because under the circumstances presented that would constitute unjust

5   enrichment.

6

7

<u>TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

8

9          25.      Plaintiff's claim for injunctive or other equitable relief is barred because

10  Plaintiffs have an adequate and complete remedy at law.

11

12          WHEREFORE, Defendant prays for judgment as follows:

13

14          1.      That class certification be denied;

15          2.      That Plaintiffs take nothing by reason of their Complaint, that the

16  Complaint be dismissed in its entirety with prejudice, and that judgment be entered for

17  Defendant;

18          3.      That Defendant be awarded its reasonable costs and attorneys' fees; and

19          4.      That Defendant be awarded such other and further relief as the Court

20  deems just and proper.

21

22  DATED: December 15, 2009          PAUL, HASTINGS, JANOFSKY & WALKER LLP

23

24                                           By: _____

25                                                  JEFFREY P. MICHALOWSKI

26                                           Attorneys for Defendant
                                             UNITED PARCEL SERVICE, INC.

27

28

Michalowski Decl 0021

1

**PROOF OF SERVICE**

2

I, the undersigned, state:

3

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 years, and not a party to the within action.  My business address is Paul, Hastings, Janofsky & Walker LLP, 55 Second Street, Suite 2400, San Francisco, CA 94105.

4

5

On December 15, 2009, I served the foregoing document(s) described as:

6

**ANSWER TO COMPLAINT**

7

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

8

9

Gregory N. Karasik, Esq.                    *Co-Counsel for Plaintiff*
Spiro Moss LLP                                    *Julio C. Diaz*
11377 W. Olympic Blvd., Fifth Floor

10

Los Angeles, CA  90064-1683
Telephone: (310) 235-2468

11

Facsimile: (310) 235-2456
Email: greg@spiromoss.com

12

13

Shaun Setareh, Esq.                            *Co-Counsel for Plaintiff*
Law Offices of Shaun Setareh              *Julio C. Diaz*
9454 Wilshire Blvd., Penthouse Suite #3

14

Beverly Hills, CA  90212
Telephone: (310) 888-7771

15

Facsimile: (310) 888-0109
Email: setarehlaw@sbcglobal.net

16

17

☐ **VIA UPS OVERNIGHT MAIL:**  By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

18

19

☒ **VIA U.S. MAIL:**  I am readily familiar with Paul, Hastings, Janofsky & Walker LLP's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21

22

☐ **VIA PERSONAL DELIVERY:**  I personally caused to be delivered such sealed envelope(s) by hand to the offices of the addressee(s) listed above.

23

☐ **VIA FACSIMILE:**  The facsimile transmission report indicated that the transmission was complete and without error.  The facsimile was transmitted to the facsimile numbers indicated above on _____.

24

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on December 15, 2009, at San Francisco, California.

25

26

27

_____
JEFF SMITH

28

Michalowski Decl 0022

# EXHIBIT 3

1   E. JEFFREY GRUBE (SB # 167324) jeffgrube@paulhastings.com
    JEFFREY P. MICHALOWSKI (SB# 248073) jeffmichalowski@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
3   Twenty-Fourth Floor
    San Francisco, CA  94105-3441
4   Telephone:  (415) 856-7000
    Facsimile:  (415) 856-7100
5
    Attorneys for Defendant
6   UNITED PARCEL SERVICE, INC.

7

8                  SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

9                                    VICTORVILLE DISTRICT

10

11  JULIO C. DIAZ, individually and on behalf of          CASE NO. CIV-VS-907417
    others similarly situated,
12                                                         [Assigned for all purposes to
                       Plaintiff,                          Judge Steve C. Malone—Dept. V10]
13
             vs.                                           **NOTICE TO ADVERSE PARTIES OF**
14                                                         **REMOVAL OF CIVIL ACTION**
    UNITED PARCEL SERVICE, INC.,
15
                       Defendant.
16

17  TO PLAINTIFF JULIO C. DIAZ AND HIS ATTORNEYS OF RECORD:

18                  PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

19  the United States District Court for the Central District of California on December 16, 2009.  A

20  copy of the Notice of Removal is attached to this Notice as Exhibit "A" and is served and filed

21  herewith.

22                  The filing of said Notice of Removal effects the removal of the above-entitled

23  action from this Court.

24  DATED:  December 16, 2009              PAUL, HASTINGS, JANOFSKY & WALKER LLP

25
                                          By:
26                                                JEFFREY P. MICHALOWSKI

27                                        Attorneys for Defendant
                                          UNITED PARCEL SERVICE, INC.
28

LEGAL_US_W # 63434623.1                                   Michalowski Decl 0023

NOTICE TO ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION

# EXHIBIT 4

1 | E. JEFFREY GRUBE (SB # 167324) jeffgrube@paulhastings.com
JEFFREY P. MICHALOWSKI (SB# 248073) jeffmichalowski@paulhastings.com
2 | PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
3 | Twenty-Fourth Floor
San Francisco, CA  94105-3441
4 | Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
5
Attorneys for Defendant
6 | UNITED PARCEL SERVICE, INC.

7

8 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

9 | VICTORVILLE DISTRICT

10

11 | JULIO C. DIAZ, individually and on behalf of
others similarly situated,            CASE NO. CIV-VS-907417

12 |                                      [Assigned for all purposes to
Plaintiff,                  Judge Steve C. Malone—Dept. V10]

13

14 | vs.                                  **NOTICE TO SUPERIOR COURT OF
REMOVAL OF CIVIL ACTION**

15 | UNITED PARCEL SERVICE, INC.,

16 |                    Defendant.

17 | TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO:

18 |          Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal

19 | of Civil Action ("Notice of Removal") to the United States District Court, the original of which

20 | was filed with the United States District Court for the Central District of California on

21 | December 16, 2009.

22 |          The filing of said Notice of Removal effects the removal of the above-entitled

23 | action from this Court.

24 | DATED:  December 16, 2009           PAUL, HASTINGS, JANOFSKY & WALKER LLP

25

26 |                                      By:
JEFFREY P. MICHALOWSKI

27 |                                      Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

28

LEGAL_US_W # 63434229.1

Michalowski Decl 0024