E. JEFFREY GRUBE (SB # 167324)
jeffgrube@paulhastings.com
JEFFREY P. MICHALOWSKI (SB# 248073)
jeffmichalowski@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| JULIO C. DIAZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | Case No. ED CV 09 - 02279 VAP (DTBx)<br><br>DECLARATION OF TAMARA CALDWELL IN SUPPORT OF REMOVAL OF CIVIL ACTION<br><br>[San Bernardino County Superior Court Case No. CIVVS907417] |

BY FAX

LEGAL_US_W # 63427732.1

CASE NO.                                DECLARATION ISO REMOVAL OF CIVIL ACTION

I, Tamara Caldwell, declare:

1. I am Employment Litigation Manager, UPS Corporate Legal, for United Parcel Service ("UPS"). I make this declaration in support of UPS's Notice of Removal of Action. I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2. UPS is now, and was at the time this action commenced, a corporation incorporated under the laws of the State of Ohio, with its principal place of business in the State of Georgia.

3. By virtue of my position with UPS, I am knowledgeable about UPS's human resources and payroll databases, which contain data showing, *inter alia*, all employees employed by UPS in the State of California over the past four years, their positions, their dates of employment, and their wage rates. These data are entered into and maintained in the databases in the ordinary course of business and are relied upon by UPS in performing a variety of human resource and payroll functions.

4. In connection with making this declaration, I relied on data from the human resources and payroll data bases to draw the following conclusions:

5. From November 10, 2005 to December 14, 2009 (a period equivalent to the "four years preceding the filing of the complaint" proposed by Plaintiff in his Complaint), UPS employed no less than 17,921 individuals in part-time loader/unloader, sorter, and part-time supervisor positions in sort operations other than the hub operations that were covered by the *Tejeda* lawsuit, that thus

LEGAL_US_W # 63427732.1

CASE NO.  DECLARATION ISO REMOVAL OF CIVIL ACTION

1  potentially fall within Plaintiff's proposed class definition. *See* Complaint, ¶ 9
2  (defining proposed class).

4  6.  UPS is in the process of investigating which of those individuals
5  worked shifts greater than six hours, but cannot have that information prior to
6  removal due to the size of the proposed class, complications in identifying
7  appropriate data, the size of potential data bases, and the resources and time needed
8  to gather information and perform a reliable analysis.

10  7.  Per the Collective Bargaining Agreement that dictates the terms
11  and conditions of employment for part-time hourly employees, the minimum hourly
12  wage paid to any of these employees was $8.50 per hour. This rate—which applies
13  only to unskilled positions—increases to a minimum of $9.00 per hour after ninety
14  calendar days on the jobs, and is then subject to annual increases. The rate for
15  skilled part-time hourly employees—which make up a substantial portion of the
16  proposed class—is one dollar per hour higher than the rate for unskilled positions,
17  and is also subject to annual increases. Employees in part-time supervisory
18  positions are compensated at an even higher rate. At a minimum, the class-wide
19  average rate of pay exceeds $10.00 per hour.

21  8.  In providing the Court with these data, UPS does not admit that
22  it failed to provide meal periods to members of the proposed class.

Executed on *16 December*, 2009 at Atlanta, Georgia.

*/s/ Tamara Caldwell*
TAMARA CALDWELL

LEGAL_US_W # 63427732.1                    -2-
CASE NO.                                    DECLARATION ISO REMOVAL OF CIVIL ACTION