1  M. KIRBY C. WILCOX (SB # 78576)
   kirbywilcox@paulhastings.com
2  E. JEFFREY GRUBE (SB # 167324)
   jeffgrube@paulhastings.com
3  JEFFREY P. MICHALOWSKI (SB# 248073)
   jeffmichalowski@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
5  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
6  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
7
   Attorneys for Defendant
8  UNITED PARCEL SERVICE, INC.

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13

| | |
|---|---|
| 14  JULIO C. DIAZ, individually and on behalf of others similarly situated, | CASE NO. EDCV09-02279 VBF (DTBx) |
| 15                         Plaintiff, | **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** |
| 16  vs. | |
| 17  UNITED PARCEL SERVICE, INC., | [San Bernardino County Superior Court Case No. CIVVS907417] |
| 18                         Defendant. | |
| 19 | |

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 64512863.1

TO PLAINTIFF JULIO C. DIAZ AND TO HIS ATTORNEYS OF RECORD:

Defendant UNITED PARCEL SERVICE, INC. ("Defendant"), for itself alone and no other defendant, hereby answers the unverified First Amended Complaint ("Complaint") of Plaintiff JULIO DIAZ ("Plaintiff") as follows:

1.     Answering Paragraph 1, Defendant denies, generally and specifically, each and every allegation contained therein.  Defendant further denies, generally and specifically, that Plaintiff has been damaged as alleged or at all.

2.     Answering Paragraph 2, Defendant lacks sufficient information or belief to enable it either to admit or deny any allegation about what Plaintiff seeks, and on that basis denies, generally and specifically, each and every allegation contained therein.

3.     Answering Paragraph 3, Defendant lacks sufficient information and belief to enable it to admit or deny any allegation about what Plaintiff seeks, and on that basis denies, generally and specifically, each and every allegation contained therein, and denies that he has been damaged as alleged or at all.

4.     Answering Paragraph 4, Defendant admits the allegations contained therein.

1          5.      Answering Paragraph 5, Defendant admits that venue is proper

2 in this Court and work was performed by Plaintiff in this District.  Except as

3 hereinbefore expressly admitted and alleged, Defendant denies, generally and

4 specifically, each and every remaining allegation contained in this paragraph.

5

6

7          6.      Answering Paragraph 6, Defendant admits, on information and

8 belief, that Plaintiff Diaz performed loading for UPS on a part-time basis from

9 August 2008 to the present, and admits that UPS systems indicate that he held a job

10 code other than H345.  Except as hereinbefore expressly admitted and alleged,

11 Defendant denies, generally and specifically, each and every remaining allegation

12 contained in this paragraph.

13

14

15          7.      Answering Paragraph 7, Defendant denies, generally and

16 specifically, each and every allegation contained therein.

17

18

19          8.      Answering Paragraph 8, Defendant admits the allegations

20 contained therein.

21

22

23          9.      Answering Paragraph 9, Defendant lacks sufficient information

24 and belief to enable it to admit or deny any allegation contained therein, and on that

25 basis, denies them.  Defendant further denies that any of the proposed classes or

26 subclasses could properly be certified.

27

28

10.     Answering Paragraph 10, Defendant denies each and every allegation contained in this paragraph, and in each of its subparagraphs.

11.     Answering Paragraph 11, Defendant denies each and every allegation contained in this paragraph, and in each of its subparagraphs.

12.     Answering Paragraph 12, Defendant lacks sufficient information and belief to enable it to admit or deny any allegations in this paragraph, and, on that basis, denies generally and specifically the allegations contained therein.

13.     Answering Paragraph 13, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 12 as though fully set forth herein.

14.     Answering Paragraph 14, the allegations set forth in this paragraph are legal conclusions to which no response is required; to the extent that Paragraph 14 contains any factual averments, Defendant denies each and every such averment.

15.     Answering Paragraph 15, the allegations set forth in this paragraph are legal conclusions to which no response is required; to the extent that Paragraph 15 contains any factual averments, Defendant denies each and every such averment.

16.    Answering Paragraph 16, Defendant denies, generally and specifically, each and every allegation contained therein.

17.    Answering Paragraph 17, the allegations set forth in this paragraph are legal conclusions to which no response is required; to the extent that Paragraph 17 contains any factual averments, Defendant denies each and every such averment.

18.    Answering Paragraph 18, Defendant denies, generally and specifically, each and every allegation contained therein.

19.    Answering Paragraph 19, Defendant denies, generally and specifically, each and every allegation contained therein.  Defendant further denies, generally and specifically, that Plaintiff has been damaged as alleged or at all.

20.    Answering Paragraph 20, Defendant denies, generally and specifically, each and every allegation contained therein.  Defendant further denies, generally and specifically, that Plaintiff has been damaged as alleged or at all.

21.    Answering Paragraph 21, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 20 as though fully set forth herein.

22.     Answering Paragraph 22, the allegations set forth in this paragraph are legal conclusions to which no response is required; to the extent that Paragraph 22 contains any factual averments, Defendant denies each and every such averment.

23.     Answering Paragraph 23, the allegations set forth in this paragraph are legal conclusions to which no response is required; to the extent that Paragraph 23 contains any factual averments, Defendant denies each and every such averment.

24.     Answering Paragraph 24, Defendant denies, generally and specifically, each and every allegation contained therein.  Defendant further denies, generally and specifically, that Plaintiff has been damaged as alleged or at all.

25.     Answering Paragraph 25, Defendant denies, generally and specifically, each and every allegation contained therein.  Defendant further denies, generally and specifically, that Plaintiff has been damaged as alleged or at all.

26.     Answering Paragraph 26, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 25 as though fully set forth herein.

27.   Answering Paragraph 27, the allegations set forth in this paragraph are legal conclusions to which no response is required; to the extent that Paragraph 27 contains any factual averments, Defendant denies each and every such averment.

28.   Answering Paragraph 28, the allegations set forth in this paragraph are legal conclusions to which no response is required; to the extent that Paragraph 28 contains any factual averments, Defendant denies each and every such averment.

29.   Answering Paragraph 29, Defendant admits, on information and belief, that it received a copy of a letter from Plaintiffs' counsel dated January 19, 2010, addressed to Defendants and to the California Labor and Workforce Development Agency ("LWDA") stating that it describes the "Labor Code provisions allegedly violated, and the facts and theories that support the allegations." Defendants lacks sufficient information and belief to enable to admit or deny whether the LWDA has notified Plaintiff whether or not it intends to investigate the alleged violations.

30.   Answering Paragraph 30, Defendant denies, generally and specifically, each and every allegation contained therein and in each of its subparagraphs. Defendant further denies, generally and specifically, that Plaintiff has been damaged as alleged or at all.

CASE NO. EDCV09-02279 VBF (DTBx)                          ANSWER TO FIRST AMENDED COMPLAINT

1          31.     Answering Paragraph 31, Defendant denies, generally and

2  specifically, each and every allegation contained therein.  Defendant further denies,

3  generally and specifically, that Plaintiff has been damaged as alleged or at all.

4

5          32.     Responding to the Prayer for Relief, Defendant denies, generally

6  and specifically, that Plaintiff has been or will be damaged in the sums alleged, in

7  any other sum, or at all, by reason of any act or omission of Defendant or any

8  officer, agent or employee of Defendant.  Defendant further denies, generally and

9  specifically, that the elements of relief sought are available to Plaintiffs on the

10  particular claims alleged.

11

12

13         Without admitting any facts alleged by Plaintiff, Defendant also pleads

14  the following separate and affirmative defenses to the Complaint:

15

16

17                  AFFIRMATIVE DEFENSES

18        FIRST SEPARATE AND AFFIRMATIVE DEFENSE

19

20          33.     The Complaint, and each of its causes of action, fails to state

21  facts sufficient to constitute a cause of action.

22

23       SECOND SEPARATE AND AFFIRMATIVE DEFENSE

24

25         34.     The Complaint, and each of its causes of action, is barred in

26  whole or in part by all applicable statutes of limitation, including but not limited to

27  Cal. Civ. P. Code §§ 338(a), 340, and Cal. Bus. & Prof. Code § 17208.

28

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

35.   The Complaint, and each of its causes of action, is barred to the extent Plaintiff, or any purported class members, released claims individually or in conjunction with class action and/or other settlements and judgments.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

36.   The Complaint and each cause of action alleged therein is barred to the extent that Plaintiff and/or any class member he purports to represent waived the right, if any, to pursue the Complaint.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

37.   The Complaint, and each cause of action therein, is preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

38.   The Complaint, and each cause of action therein, is barred by the statute of limitations applicable to claims arising under section 301 of the Labor Management Relations Act, 29 U.S.C. § 160(b).

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

39.   The sole and exclusive remedy for the allegations made in the Complaint is the CBA's grievance and arbitration procedures.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

40.    Plaintiff's Complaint, and each cause of action therein, is barred because Plaintiff failed to exhaust the CBA's grievance and arbitration procedures.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

41.    The Complaint, and each cause of action contained therein, is barred by the doctrine of res judicata to the extent any member of the purported class pursued and resolved to final judgment, individually or as a member of a class or collective action, any action that did or could have included the claims herein.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

42.    Plaintiff's cause of action for meal period violations is barred to the extent that Plaintiff, and the group of persons he purports to represent, waived their meal periods.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

43.    Plaintiff's claim for equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

44.    Plaintiffs are barred from recovering statutory penalties under the California Labor Code because Plaintiffs did not timely exhaust administrative remedies as required and/or otherwise failed to comply with all the statutory

1    prerequisites to bring suit under the Labor Code Private Attorneys General Act of

2    2004, California Labor Code § 2698 *et seq.*

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

45.    To the extent Plaintiffs seek to recover penalties that are disproportionate to the actual harm suffered, if any, including but not limited to civil penalties under Labor Code 2699, an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise be in violation of Defendant's due process and other rights under the United States and California Constitutions.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

46.    Any violation of the California Labor Code or the applicable wage order was an act or omission made in good faith, and Defendant had reasonable grounds for believing that the act or omission was not a violation of the law, so penalties would be inappropriate in this case even should Plaintiffs be entitled to any wage remedy.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

47.    The Complaint is not proper for treatment as a class or collective action; Plaintiff therefore lacks standing to represent the individuals they purport to represent.

1

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

2

3        48.    Plaintiff's request for class certification should be denied

4   because class certification would be inappropriate due to conflicts of interest

5   between Plaintiffs and proposed class members.

6

7   ## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

8

9        49.    Plaintiff's request for class certification should be denied

10  because liability and/or damages, if any, to each member of the proposed class may

11  not be determined by a single factfinder or on a group-wide basis, and therefore

12  allowing this action to proceed as a class or collective action would violate

13  Defendant's rights to due process and trial by jury.

14

15  ## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16

17       50.    In the event that a class should be certified in this matter,

18  Defendant incorporates by reference and realleges all of its defenses to Plaintiff's

19  individual causes of action in response to Plaintiff's causes of action on behalf of

20  the class and each class member.

21

22  ## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

23

24       51.    The Complaint and each of its causes of action are barred in

25  whole or in part to the extent that Defendant has paid Plaintiff and/or putative class

26  members all or some of the money they claim is due.

27

28

LEGAL_US_W # 64512863.1                        - 11 -

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

52.    Defendant is entitled to an offset against any relief claimed by Plaintiff and/or the class he purports to represent for wages Defendant has paid for time not worked or that otherwise is not required under state and/or federal law.

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

53.    Neither Plaintiff nor the class he purports to represent may recover damages in this action because under the circumstances presented that would constitute unjust enrichment.

WHEREFORE, Defendant prays for judgment as follows:

1.    That class certification be denied;

2.    That Plaintiff takes nothing by reason of their Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

3.    That Defendant be awarded its reasonable costs and attorneys' fees; and

4.    That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED:  April 29, 2010            PAUL, HASTINGS, JANOFSKY & WALKER
                                  LLP


                                  By _____
                                       JEFFREY P. MICHALOWSKI

                                  Attorneys for Defendant
                                  UNITED PARCEL SERVICE, INC.