JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO C. DIAZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | CASE NO. EDCV09-02279 VBF(DTBx)<br><br>**[PROPOSED]**<br><br>**REVISED ORDER OF FINAL JUDGMENT**<br><br>**[CLASS ACTION]**<br><br>Date: April 25, 2011<br>Time: 1:30 p.m.<br>Ctrm: 9 |

On April 25, 2011, a hearing was held on the motion of plaintiff Julio C. Diaz ("Plaintiff") for final approval of the class settlement (the "Settlement") reached with defendant United Parcel Service, Inc. ("UPS"), preliminary approved by the Court on September 27, 2010, and the motion of Plaintiff for Award of Attorney's Fees, Costs and Class Representative Enhancement Payment. Gregory N. Karasik of Spiro Moss LLP appeared for Plaintiff; and Jeff Michalowski of Paul, Hastings, Janofsky & Walker LLP appeared for UPS.

Having received and considered the papers filed by the parties, including the

evidence and argument received by the Court in connection with Plaintiff's motion for preliminary approval and the final approval hearing on April 25, 2011, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Pursuant to this Court's order granting preliminary approval of the Settlement, a Notice of Conditional Certification of Settlement Class, Proposed Settlement, Preliminary Court Approval of Settlement, and Hearing Date for Final Court Approval, form of Claim for Settlement Share, and a form of Election Not to Participate in Settlement were sent to each class member by first-class mail. These papers informed class members of the terms of the Settlement, their right to receive a Settlement Share by submitting a Claim for Settlement Share, their right to comment on or object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No class members filed written objections to the proposed settlement as part of this notice process or stated an intent to appear at the final approval hearing.

2. The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of class members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

3. For the reasons stated in the Court's preliminary approval order, the Court finds and determines that the proposed Settlement Class meets all of the legal requirements for class certification, and it is hereby ordered that the following

Settlement Class is finally approved and certified as a class for purposes of settlement of this action:

> All part-time employees employed by UPS in California who worked a shift of greater than five hours between November 10, 2005 and the date of Court preliminary approval of this settlement in the positions of Hub Supervisor (coded in UPS databases as 8171); Hub Trng Supv (8172); Hub Lc Srt Supv (8180); Ramp Supervisor (8195); Hub Supv (9769); Ramp Supervisor (H195); PT Pkg Center Supervisor (O394); Local Sort Supervisor (9058); PM – Local Sort Supervisor (9108); Local Sort Supv (9774); Pkg Inside Supv (9776); Preload Supv (9777); Preload Supv (O171); Package Center Supervisor (O501); Hub Sorter (H325); Primary Sorter (H330); Secondary Sortr (H335); HVD/LVD Sorter (H337); Pick Off (H340); Loader/Unloader (H345); Preloader (O340); Sorter – AM (O345); Sorter – PM (O350); Load/Unload PM (O360); Load/Unload AM (O365); Center Clerk (H420); Hub Clerk (H445); Bad Address Clk (H461); Preload Assist Clerk (O404); Audit Clerk (O410); Center Clerk (O420); Bad Add Clerk (O461); Damage Clerks (O463); Rwrap & Correct (O470) since November 10, 2005 — excluding persons in hub operations with Job Codes H345, H325, H330, H335, H337, H340, 8171, 8172, H240 and 8180 whose claims are barred by the settlement in *Tejeda v. United Parcel Service, Inc.*, United States District Court, Central District of California, Case No. CV-08-01590, for the period covered by the *Tejeda* release (January 3, 2004 through October 15, 2009).

4. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each class member and that the class members who have not opted out will by bound by the

Settlement, and that all terms and provisions of the Settlement are hereby ordered to be consummated.[1]

5. The Court finds and determines that the Settlement Shares to be paid to Class Members who submitted claims in accordance with the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts to Class Members in accordance with the Settlement.

6. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $10,000 as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby gives final approval to and orders the payment of that amount to the LWDA in accordance with the Settlement.

7. The Court finds and determines that the fees and expenses of CPT Group, Inc. in administrating the settlement in the amount of $104,000 are fair and reasonable. The Court hereby gives final approval to and orders the payment of that amount to the Settlement Administrator in accordance with the Settlement.

8. The Court determines by separate order the request by Plaintiff for an Award of Attorney's Fees, Costs and Class Representative Enhancement Payment.

9. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

10. Nothing in this order shall preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that UPS make payments to Class Members in accordance with the Settlement.

11. Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

---

[1] Section I.H of the Settlement incorrectly recites that the Class Period begins on November 10, 2006. As accurately stated in Section I.B of the Settlement and in all other papers filed with the Court, the Class Period begins on November 10, 2005.

LEGAL_US_W # 60677375.1         4

12. Pursuant to the Settlement, all Class Members who did not timely request exclusion from the Settlement are permanently barred from prosecuting against UPS, and its parents, predecessors, successors, subsidiaries, affiliates, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, any of the claims released by them under the Settlement.

13. The parties are hereby ordered to comply with the terms of the Settlement.

14. This action is hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

Dated: April 25, 2011.

*Valerie Baker Fairbank*
United States District Judge